No. 28,161.

LOUISE MOORE, *Appellee*, v. GEORGE W. MOORE, *Appellant*.

(267 Pac. 981.)

Opinion filed June 9, 1928.

David F. Carson, of Kansas City, for the appellant.
Thomas H. Finigan, of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one to enforce payment of alimony. Defendant claimed he had paid the judgment of $3,000 in full, and $210 interest, making $3,210 in all. Plaintiff claimed a balance due on the judgment of $490, interest $460.50, and some miscellaneous items in the sum of $36.50 which did not pertain to

alimony, making a total of $987. The court found defendant owed plaintiff $950, and defendant appeals.

At the conclusion of the trial, the district court requested the attorneys for plaintiff and defendant to make statements of their claims. Plaintiff's statement, showing payments which she claimed defendant had made, follows:

| | | | |
|---|---|---|---|
| October, 1921 | $100 | September | $100 |
| November | 150 | November | 100 |
| December | 150 | January, 1923 | 250 |
| January, 1922 | 150 | April | 300 |
| February | 150 | December, 1926 | 460 |
| March | 100 | February, 1923 | 100 |
| April | 100 | | |
| May | 100 | Total | $2,510 |
| July, 1922 | 200 | | |

Defendant's statement, showing payments which he claimed he had made, follows:

| | | | |
|---|---|---|---|
| October 21, 1921 | $100 | Dec. 3, 1923 | $150 |
| Nov. 1, 1921 | 150 | Jan. 22, 1923 | 250 |
| Dec. 10, 1921 | 150 | Feb. 26, 1923 | 100 |
| Dec. 12, 1921 | 150 | Feb. 26, 1923 | 300 |
| Jan. 16, 1922 | 150 | Mar. 24, 1923 | 150 |
| Feb. 15, 1922 | 150 | July or Aug., 1923 | 250 |
| Mar. 10, 1922 | 100 | Balance of judgment paid to | |
| Mar. 14, 1922 | 100 | clerk | 460 |
| Apr. 3, 1922 | 100 | | |
| May 8, 1922 | 100 | | $3,210 |
| July 15, 1922 | 200 | —which is interest and principal. | |
| Sept. 21, 1922 | 100 | | |

Neither statement is correct, but the two statements may be readily reconciled.

Plaintiff contends the following items in defendant's statement are duplicates:

| | |
|---|---|
| Dec. 10, 1921 | $150 |
| Mar. 10, 1922 | 100 |
| Mar. 24, 1923 | 150 |
| | $400 |

This contention appears to be well founded. In making up his statement, defendant omitted an item of $100 paid November 14, 1922. Plaintiff herself acknowledged receipt of this item, and her

attorney allows credit for it in his statement. Therefore, defendant's statement should be corrected as follows:

$3,210
400
———
$2,810
100
———
$2,910

Plaintiff contends an item of $100 of November 1, 1921, found in a list of items on page 8 of the abstract, was a duplication. We are not here concerned with that item or that list. The list was a summary made by defendant's attorney at the trial. It was not the list which he submitted for consideration by the court when the case was taken under advisement. That list has been printed above. It shows but one item for November, 1921—an item of $150. A check for the item, indorsed by plaintiff, was introduced in evidence at the trial, and plaintiff's attorney includes the item in his statement.

Plaintiff does not give credit for an item of $150 paid in December, 1922, by check signed by defendant, payable to the order of Dave Carson, and indorsed by plaintiff. When the check was introduced in evidence the amount of it was not given, but when defendant's statement was made up, the amount was inserted as paid December 3, 1923.

Plaintiff does not give credit for an item of $250 paid in July or August, 1923. The following testimony shows the item should be allowed:

"And Mr. Finigan, you admit that in July or August I gave you a check for $250? A. Yes, sir."

The result is, plaintiff's statement should be corrected as follows:

...     $2,510
$150    ....
250     ....
———     400
        ———
        $2,910

There can be no doubt that plaintiff's statement should be corrected as indicated. That being true, defendant's statement becomes immaterial. However, plaintiff's corrected statement is verified by defendant's corrected statement.

Interest in the sum of $210 was agreed on, and was included in the last item of $460 appearing in each statement. There then remained due on the judgment for alimony $90, which should bear interest until paid.

The proceeding was one to enforce payment of alimony. The district court properly disallowed the items which did not belong in the alimony account.

The judgment of the district court is reversed, and the cause is remanded with direction to render judgment as indicated.